UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD WILLIAMS, | Case No.: 1:21-cv-00090-DAD-SAB (PC) |
| Plaintiff, | |
| v. | ORDER GRANTING PLAINTIFF'S MOTION TO FILE A SECOND AMENDED COMPLAINT |
| CLARK J. KELSO, et al., | (ECF No. 11) |
| Defendants. | |

Plaintiff Richard Williams is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to file a belated amended complaint, filed May 28, 2021.

This action was removed from the Kings County Superior Court by Defendant Kelso on January 21, 2021.

On March 8, 2021, the Court screened Plaintiff's complaint, found that Plaintiff failed to state any cognizable claims for relief, and granted thirty days to file an amended complaint. (ECF No. 8.)

Plaintiff filed a first amended complaint on March 22, 2021. (ECF No. 9.)

On May 17, 2021, the undersigned issued Findings and Recommendations recommending that the action be dismissed, without prejudice, for failure to exhaust the administrative remedies and failure to state a cognizable claim for relief. (ECF No. 10.)

1

Plaintiff now seeks to amend and file a second amended complaint to add new defendants and to demonstrate that he exhausted the administrative remedies.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course twenty-one days after serving, or if a response was filed, within twenty-one days after service of the response. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2).

Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. Relevant to the futility factor, a plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). The burden to demonstrate prejudice falls upon the party opposing the amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining three factors, a presumption exists under Rule 15(a) in favor of granting leave to amend. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Further, undue delay alone is insufficient to justify denial of a motion to amend. Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).

///
///
///
///
///
///
///
///

Given the liberality of amendment and Plaintiff's pro se status, the Court will grant Plaintiff one additional opportunity to file a second amended complaint to attempt to cure the deficiencies outlined in the May 17, 2021 Findings and Recommendations. Accordingly, it is HEREBY ORDERED that Plaintiff has thirty (30) days from the date of service of this order to file a second amended complaint. If Plaintiff fails to file a second amended complaint, the Court will proceed with the Findings and Recommendations issued on May 17, 2021.

IT IS SO ORDERED.

Dated: __**June 1, 2021**__

UNITED STATES MAGISTRATE JUDGE